UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHANNER WOOLCOCK**, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 23-cv-1375 (TSC) |
| **THE MICHAELS ORGANIZATION LLC.**, | ) ) ) ) ) |
| Defendant. | ) ) ) |

### MEMORANDUM OPINON

Plaintiff Channer Woolcock filed this employment discrimination action against Defendant The Michaels Organization LLC., in D.C. Superior Court on April 10, 2023, Original Case File, ECF No. 8 at 2. On May 15, 2023, Defendant removed the case to this court, Notice of Removal, ECF No. 1.

In her original Complaint, Plaintiff alleged that she was employed by Defendant as the community manager of its Wardman Courts apartment complex, in which she also lived. She claimed that "as a female employee, her pay was significantly less than male employees in comparable positions," *id*. at 3, and when she notified her management of the pay disparity "defendant began a campaign of retaliation against her," *id*. at 4. On May 26, 2022, Plaintiff resigned from her position but retained her apartment at Wardman Courts. *Id*. at 5. Defendant responded by raising her rent and isolating her from other tenants. *Id*.

Defendant moved to partially dismiss the Complaint on May 31, 2023, arguing that it did not give "fair notice" of the basis for Plaintiff's race and color discrimination claims. ECF No. 6 at 3.

On June 15, 2023, Plaintiff filed her First Amended Complaint, ECF No. 9, and on June 29, 2023, Defendant partially moved to dismiss it as well, ECF No. 10. Again, Defendant argued that Plaintiff's First Amended Complaint failed to give fair notice of her claims. *Id*. at 1. On July 3, 2023, the court denied without prejudice Defendant's partial motion to dismiss because Plaintiff had sufficiently alleged that "she is a member of a protected class who suffered an adverse employment action under circumstances giving rise to an inference of discrimination." Minute Order 1, 07/03/2023 (quoting *Massaquoi v. District of Columbia*, 81 F. Supp. 3d 44, 49 (D.D.C.2015)). The court did, however, require Plaintiff to file a Second Amended Complaint with "dates for alleged events, as well as the names of involved individuals." Minute Order 2, 07/03/2023.

Plaintiff filed her Second Amended Complaint on August 4, 2023, ECF No. 12, and once again Defendant has moved to partially dismiss it, arguing that Plaintiff cannot proceed with her District of Columbia-based legal claims because she has failed to "identify any source of District of Columbia law that gives rise to her claims," ECF No. 13 at 1.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must comply with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This requirement is meant to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).

Plaintiff brings her employment discrimination claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e – 2000e-17, as well as "the comparable state laws of the District of Columbia," but she does not specify which District of Columbia law provides her a cause of action. Second Am. Compl., ECF No. 12 at 2. In her opposition brief, Plaintiff argues that claims brought pursuant to the District of Columbia Human Rights Act ("DCHRA") are analyzed "under the same legal standard" as federal employment discrimination claims; therefore, Defendant should be "on notice" of her DCHRA claims. ECF No. 14 at 2 (citation omitted). The court disagrees.

Courts in this District have held that pleading a general reference to District of Columbia law in support of an employment discrimination claim is not sufficient to meet Rule 8(a)'s pleading standards. *See e.g., Pyne v. District of Columbia*, 298 F. Supp. 2d 7, 12 (D.D.C. 2002) ("Plaintiff has failed to reference a specific law or statute, or even generally describe what law has been violated. Such pleading does not satisfy notice pleading requirements under Federal Rule 8(a)."). Furthermore, "plaintiffs may not amend their complaints through briefs in opposition to motions to dismiss." *Woytowicz v. George Washington Univ.*, 327 F. Supp. 3d 105, 119 n.4 (D.D.C. 2018) (citing *Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 87 n.4 (D.D.C. 2010)).

Given that Plaintiff is represented by counsel and has twice amended her complaint, her District of Columbia-based employment discrimination claims will be dismissed for failure to state a claim upon which relief can be granted.

Date:  September 13, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN